E-FILED
Thursday, 11 August, 2011  11:10:11 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
DANVILLE/URBANA DIVISION

| | | |
|---|---|---|
| BETH TUCKER, | ) | |
| | ) | 11-cv- |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Jury Trial Demand |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | ) | |
| a Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1.      This action seeks redress for the illegal practices of Defendant in connection with the

collection of debts.  This Complaint alleges that Defendant violated the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Illinois Consumer Fraud and

Deceptive Business Practices Act, 815 ILCS 505/2 et seq. entitling Plaintiff to relief.

### JURISDICTION

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (general federal question

jurisdiction),  15 U.S.C. § 1692k (Fair Debt Collection Practices Act), and 28 U.S.C. § 1367

(supplemental jurisdiction).

### PARTIES

3.      Plaintiff,  Beth Tucker, is an individual who resides in Coles County, Illinois.

Plaintiff is also the former spouse of Michael Trybinski.

4.      Plaintiff is a "consumer" as defined by Section 803(3) of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692a(3).

5.      Defendant, Portfolio Recovery Associates, L.L.C. (hereinafter referred to as "PRA") is a limited liability company organized under the laws of the State of Delaware.

6.      Defendant Portfolio Recovery Associates, L.L.C. is a "debt collector" as defined by Section 803(6) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

7.      At all times relevant to this matter, Defendant Portfolio Recovery Associates, L.L.C. was collecting a consumer debt as defined by Section 803(5) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(5).

## FACTS COMMON TO ALL COUNTS

8.      Beth Tucker has never entered into a contract with Sears, or any affiliate of Sears, for a credit card account.  Moreover, Beth Tucker has never used or possessed a Sears credit card.

9.      On information and belief, Michael Trybinski once entered into a contract with Sears for a credit card account.

10.      Tucker and Trybinski divorced in 1998.  In re Marriage of Trybinski, Coles County Matter 98-D-217.

11.      On information and belief, Trybinski discharged the debt owed to Sears in bankruptcy.  In re Trybinski, United States Bankruptcy Court for the Central District of Illinois, Case No. 01-92836.

12.      Tucker and Trybinski have not lived together since their separation.

13.      Trybinski  does not use Tucker's telephone number, 217-348-1597.

14.      Since 2001, Plaintiff Beth Tucker has received numerous telephone calls from debt collectors attempting to collect the Sears card debt.

15.      Sometime prior to October 21, 2009, Defendant Portfolio Recovery Associates,

2

L.L.C. placed a telephone call to Plaintiff Beth Tucker in an attempt to collect the debt.

16.         Plaintiff Beth Tucker denied that she owed the debt, asked them to prove that she owes the debt, and told them to cease all attempts to collect the debt.

17.         On or about October 21, 2009, Defendant Portfolio Recovery Associates, L.L.C. sent a debt collection letter to Plaintiff Beth Tucker.  A copy of the letter is attached hereto and incorporated herein by reference as Exhibit A.

18.         The October 21, 2009 letter places the unrealistic burden upon Plaintiff Beth Tucker of proving the negative proposition that she does not owe the debt.

19.         The October 21, 2009 letter also provides instructions for the payment of the disputed debt.

20.         On or about February 2, 2010, Defendant Portfolio Recovery Associates, L.L.C. sent a debt collection letter to Plaintiff Beth Tucker.  A copy of the letter is attached hereto and incorporated herein by reference as Exhibit B.

21.         The February 2, 2010 letter notes that Plaintiff Beth Tucker was unable to prove a negative proposition and the debt will be sent to "the collection floor."

22.         The February 2, 2010 letter also provides instructions for the payment of the disputed debt.

23.         Sometime during the period of May 1, 2010 through May 10, 2010,  Defendant Portfolio Recovery Associates, L.L.C. made a telephone call to Plaintiff Beth Tucker in an attempt to collect the debt.

24.         Plaintiff Beth Tucker disputed that she owed the debt and asked Defendant to provide proof such as a document with her signature or cancelled checks.

25.      On or about May 10, 2010, Defendant Portfolio Recovery Associates, L.L.C.  sent a debt collection letter to Plaintiff Beth Tucker.  A copy of the letter is attached hereto and incorporated herein by reference as Exhibit C.

26.      The May 10, 2010 letter states: "We have completed our investigation of your dispute concerning this account.  PRA has obtained and reviewed the attached documents related to this account, which establish its validity.  PRA is no longer treating this account as a disputed account and will transfer the account back to the collection floor to pursue collection of the outstanding balance due on this account."

27.      The attached documents do not contain anything bearing the signature of Plaintiff or any contract for that matter.

28.      The May 10,2010 letter also provided instructions for the payment of the disputed debt.

29.      On or about July 27, 2010, Defendant Portfolio Recovery Associates, L.L.C. sent a debt collection letter to Plaintiff Beth Tucker.  A copy of the letter is attached hereto and incorporated herein by reference as Exhibit D.

30.      The July 27, 2010 letter notes that Plaintiff Beth Tucker was unable to prove a negative proposition and the debt will be sent to "the collection floor."

31.      The July 27, 2010 letter also provides instructions for the payment of the disputed debt.

32.      On or about August 2, 2010, Defendant Portfolio Recovery Associates, L.L.C. placed at least two telephone calls to Plaintiff Beth Tucker in an attempt to collect the debt.

33.      The first call was placed by an unidentified male at about 8:00 a.m. in an attempt to

4

collect the debt. ·

34.      Plaintiff Beth Tucker informed the debt collector that she does not owe the debt and asked him not to call her again.

35.      During the midday hours of that same day, Defendant Portfolio Recovery Associates, L.L.L. placed a second debt collection telephone call to the Plaintiff.

36.      An unidentified female left a voicemail message for Plaintiff to return a telephone call to 620-662-8870.

37.      During the early evening hours of that same day, Plaintiff Beth Tucker returned the telephone call and spoke with an unidentified female.

38.      Plaintiff Beth Tucker advised the debt collector that she does not owe the debt.

39.      The debt collector asked Plaintiff if she was a victim of identity theft.

40.      Plaintiff answered in the negative and stated that this was a debt of her ex-husband that was discharged in bankruptcy.

41.      The debt collector stated that Plaintiff owes the debt and continued to collect it.

42.      On or about August 4, 2010,  Defendant Portfolio Recovery Associates, L.L.C. sent a debt collection letter and an identity fraud packet to the Plaintiff.  A copy of the letter is attached hereto and incorporated herein by reference as Exhibit E.

43.      The August 4, 2010 letter places the Plaintiff in the unreasonable position of proving the negative proposition that she does not owe the debt.

44.      The August 4, 2010 letter also provides instructions for the payment of the disputed debt.

45.      Plaintiff did not complete the packet because she has no reason to believe that she is

5

a victim of identity theft.

46.     On or about September 23, 2010, Defendant Portfolio Recovery Associates, L.L.C. sent a debt collection letter to Plaintiff Beth Tucker.  A copy of the letter is attached hereto and incorporated herein by reference as Exhibit F.

47.     The September 23, 2010 letter notes that Plaintiff Beth Tucker was unable to prove a negative proposition and the debt will be sent to "the collection floor."

48.     The September 23. 2010 letter also provides instructions for the payment of the disputed debt.

49.     On or about September 24, 2010, at approximately 8:20 a.m., an employee of the Defendant contacted the Plaintiff by telephone from number 866-532-9661 x 31024 in an attempt to the collect the debt.

50.     Once again, Plaintiff advised that she does not owe the debt and asked Defendant to cease all attempts to collect the debt.

51.     On or about October 2, 2010, at approximately 10:45 a.m., an employee of the Defendant named John Caps contacted Plaintiff Beth Tucker in an attempt to collect the debt.

52.     Plaintiff Beth Tucker informed him that she does not owe the debt and asked him to cease all attempts to collect the debt.

53.     On or about October 13, 2010, at approximately 8:15 a.m., an employee of Defendant named Amanda Cook contacted Plaintiff from 731-215-8010 in an attempt to collect the debt.

54.     Plaintiff Beth Tucker informed her that she does not owe the debt and asked her to cease all attempts to collect the debt.

55.      On or about October 25, 2010,  at approximately 8:45 a.m., an employee of Defendant Mrs. Wright contacted Plaintiff Beth Tucker in an attempt to collect the debt.

56.      Plaintiff Beth Tucker advised that she does not owe the debt and asked Defendant to cease all attempts to collect the debt.

57.      On or about November 2, 2010, at approximately 8:40 a.m., an employee of the Defendant named Lori contacted Plaintiff in an attempt to collect the debt.

58.      Plaintiff Beth Tucker advised that she does not owe the debt and asked Defendant to cease all attempts to collect the debt.

59.      On or about November 2, 2010, at approximately 8:00 a.m. and 7:17 p.m., Defendant made two telephone calls from 205-423-4020 in an attempt to collect the debt.

60.      On or about November 11, 2010, at approximately 8:00 a.m., an employee of Defendant named Miss Mason called Plaintiff from 866-691-3568 in an attempt to collect the debt.

61.      On or about November 15, 2010, at approximately 8:21 a.m.,  an employee of Defendant contacted Plaintiff by telephone in an attempt to collect the debt.

62.      On or about November 16, 2010, at approximately 6:35 p.m., an employee of Defendant Rebecca Turner contacted Plaintiff in an attempt to collect the debt.

63.      Once again, Plaintiff stated that she did not owe the debt and asked Defendant to cease all attempts to collect the debt.

64.      During the first half of February 2011, Defendant Portfolio Recovery Associates, L.L.C. contacted Plaintiff  Beth Tucker on an almost daily basis in an attempt to collect the disputed debt despite many requests from Plaintiff to cease all attempts.

65.       On or about April 5, 2011, Defendant Portfolio Recovery Associates, L.L.C. sent a debt collection letter to Plaintiff Beth Tucker.  A copy of the letter is attached hereto and incorporated herein by reference as Exhibit G.

### Count I – Fair Debt Collection Practices Act

66.       Plaintiff Beth Tucker incorporates paragraphs 1-65 into Count I.

67.       Defendant Portfolio Recovery Associates, L.L.C. violated the FDCPA by continuing to contact the wrong person in an attempt to collect a debt in violation of 15 § U.S.C. § 1692d.

68.       Defendant Portfolio Recovery Associates, L.L.C. violated the FDCPA by having its employees repeatedly contact Plaintiff Beth Tucker in an attempt to collect the debt and repeatedly or continuously with the intent to annoy, abuse, or harass the Plaintiff in violation of 15 U.S.C. §§ 1692d and 1692d(5).

69.       Defendant Portfolio Recovery Associates, L.L.C. violated the FDCPA when it attempted to collect a debt that the Plaintiff Beth Tucker does not owe in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

70.       Defendant Portfolio Recovery Associates, L.L.C. violated the FDCPA when it impermissibly placed the burden upon the Plaintiff to prove the negative proposition that she does not owe a debt in violation of 15 U.S.C. § 1692g.

71.       As a result of Defendant's conduct, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff Beth Tucker requests that the Court enter judgment in her favor and against Defendant Portfolio Recovery Associates, L.L.C. for: (a) actual and statutory damages;  (b) attorney's fees, litigation expenses and costs; and (c) such other or further relief as

the Court deems appropriate.

**Count II -- Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505**

72.        Plaintiff incorporated paragraphs 1-71 into Count II.

73.        The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505,

prohibits: "Unfair methods of competition and unfair or deceptive acts or practices, including but

not limited to the use or employment of any deception fraud, false pretense, false promise,

misrepresentation or the concealment, suppression or omission of any material fact, with intent

that others rely upon the concealment, suppression or omission of such material fact, or the use

or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices

Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared

unlawful whether any person has in fact been misled, deceived or damaged thereby. In

construing this section consideration shall be given to the interpretations of the Federal Trade

Commission and the federal courts relating to Section 5 (a) of the Federal Trade Commission

Act."

74.        Defendant Portfolio Recovery Associates, L.L.C. committed a deceptive business

practice when it engaged in a scheme to fraudulently and maliciously coerce, pressure and

induce Plaintiff Beth Tucker to pay a debt she was not otherwise obligated to pay.

75.        As an actual and proximate cause of Defendant's conduct, Plaintiff Beth Tucker

suffered injury.

76.        Defendant Portfolio Recovery Associates, L.L.C. made the representations and

carried out its scheme knowingly, intentionally, willfully, maliciously, and in bad faith, or with

wanton and reckless disregard for her rights and interests, entitling the Plaintiff Beth Tucker to

9

2:11-cv-02190-MPM-DGB  # 1    Page 10 of 10

recover punitive damages against Defendant Portfolio Recovery Associates, L.L.C.

WHEREFORE, Plaintiff Beth Tucker requests that the Court enter judgment in her favor and against Defendant Portfolio Recovery Associates, L.L.C. for appropriate compensatory and punitive damages; attorney's fees, litigation expenses and costs; and such other or further relief as the Court deems appropriate.

BETH TUCKER, Plaintiff

s/ Roy Jackson Dent
Roy Jackson Dent
IL Bar Number 6255835
Attorney for Plaintiff
BRANKEY & SMITH, P.C.
622 Jackson Avenue
Charleston, IL 61920
Phone: (217) 345-6222
Fax:    (217) 345-6232

Email: rdent@brankeysmithpc.com